AFFIDAVIT OF SPECIAL AGENT BRIAN OPPEDISANO
BUREAU OF ALCOHOL, TOBACCO, FIREARMS and EXPLOSIVES

I, Brian Oppedisano, being sworn, state:

1. I am a Special Agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and have been so employed since July 2002. I am currently assigned to the Boston VI Field Office. As an ATF Special Agent, my duties include the investigation of violations of laws related to firearms trafficking, firearm possession by felons and other prohibited persons, and the use of firearms in drug trafficking/violent crimes, as well as the investigation of laws related to explosives violations and arson. I am a graduate of the Federal Law Enforcement Training Center and the ATF National Academy. I have participated in numerous classes of in-service training relating to firearms trafficking investigations and arson and explosives investigations. I have been the affiant and/or participated in the execution of numerous state and federal search and arrest warrants pertaining to violations of the federal firearms, arson and explosives laws. I have participated in dozens of investigations relating to the illegal acquisition and sales of firearms. During those investigations, I have participated in surveillance, the purchase of firearms, the execution of a search warrants, and interviewed witnesses, suspects and informants.

2. Based on my training and experience, I am aware that Title 18, United States Code, Section 922(g)(1) makes it a federal offense for any individual who has previously been convicted of a felony offense to possess a firearm or ammunition in or affecting interstate commerce. Having so stated, I submit this affidavit in support of a criminal complaint charging Howard Anthony JOHN with being a felon-in-possession of a firearm and ammunition in violation of Title 18, United States Code, Section 922(g)(1).

3. The facts in this affidavit come from my personal observations, investigation and review of records, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. On November 10, 2018, at approximately 12:16 am, numerous officers of the Somerville Police Department ("SPD") were dispatched to 3 Wesley Park, Apartment #202, Somerville, Massachusetts, for a domestic assault and battery in progress. Upon the officers' arrival at the residence, officers observed blood on the front door and floor area to Apartment #202. Officers knocked on the door and ultimately were met by Howard JOHN, who opened the door. Officers were familiar with JOHN due to a past incident at the residence and were aware that JOHN had previous criminal convictions for firearms offenses. Officers observed a cut on JOHN's hand.

5. At the residence, SPD Officer Sousa spoke with Ms. Nichelle Brison, who was inside of the apartment and was in a relationship with JOHN. Ms. Brison stated the she resided at the apartment with their seven-year-old son.

6. Ms. Brison told officers that JOHN arrived at the apartment around 11:30 pm to gather some of his belongings. JOHN went into the bedroom and pulled out a black suitcase from underneath an armoire. Ms. Brison said that an argument began between her and JOHN and JOHN had slapped her across the face and "choked" her. Ms. Brison went on to say their son came out of his room and they stopped fighting. Ms. Brison saw JOHN exit the apartment with some bags including a black backpack. Separately, the young boy told officers that he saw JOHN with a gun, along with something yellow on it, in a black backpack.

7. Ms. Brison further stated that JOHN returned to the apartment and Ms. Brison then called the

police. Ms. Brison said that while she was attempting to call the police JOHN knocked the phone from her hand causing the phone to hit her on the side of the head. Ms. Brison said that JOHN punched her once with a closed fist in the mouth area. Ms. Brison said she grabbed a knife to defend herself and JOHN grabbed the knife from her. During the struggle for the knife, their son attempted to grab the knife and got a small cut to his finger.

8. Ms. Brison went on to say the neighbors came up and knocked on the door to check on her. The fight stopped at this time and the neighbors left. Soon after the neighbors left, officers arrived at the apartment.

9. Due to Ms. Brison's statements to the police and evidence of a physical altercation, SPD officers arrested JOHN for domestic assault and battery. Given the information officers received regarding a possible firearm in the apartment, Ms. Brison voluntarily gave consent to search for a firearm.

10. Officers located a black suitcase containing a lower receiver of Ruger, Model AR556, 5.56mm rifle, bearing serial number 851-65236, along with two red dot optics for a rifle, two magnification scopes for a rifle, two large capacity ammunition magazines for the rifle, two ten-round ammunition magazines, and gun cleaning rags. The black suitcase containing the firearm and ammunition was located in the kitchen area adjacent to the front door to the apartment.

11. Ms. Brison told officers that prior to their arrival, JOHN had gone outside to his car carrying a black backpack. Ms. Brison's son also told police that the he saw JOHN exit the house with a gun. Officers had JOHN's vehicle towed back to the SPD headquarters where they located inside of the trunk a black backpack containing the upper receiver to the Ruger rifle along with a yellow glove. Officers recovered the following total amounts of ammunition:

(1) 60 rounds of 5.56mm ammunition; (2) 20 rounds 7.62mm ammunition; and (3) 31 rounds of 9mm ammunition.

12. On November 10, 2018, SPD officers ran the serial number through the NCIC computer database. The query revealed that the rifle was reported stolen in Maine.

13. I learned that, on May 24, 2018, a resident of Kittery, Maine, reported the Ruger rifle, along with two additional rifles, a shotgun, and two semi-automatic pistols were stolen during a residential burglary.

14. JOHN is currently detained by the Middlesex County Sheriff's Office at the Billerica Jail pending state charges stemming from the November 10, 2018 incident.

15. I spoke with ATF Special Agent Daniel McPartlin, who, based on his training and experience as an ATF Firearms Interstate Nexus examiner, determined that the seized rifle was not manufactured in the state of Massachusetts. Similarly, based on my training and experience, ammunition is not commercially manufactured in Massachusetts. Therefore, both the rifle and the ammunition have affected or travelled in interstate commerce. Special Agent McPartlin also concluded that the lower receiver of the rifle is a firearm as defined in Title 18, United States Code, Chapter 44, Section 921(a)(3).

16. I have reviewed JOHN's criminal record and received court documents from the State of South Carolina. The documents reveal that Howard JOHN was convicted in 2002 for the crime of Assault and Battery of a High and Aggravated Nature. I have determined that that this offense is a crime punishable by law by imprisonment for more than one year.

17. Based on the foregoing, I submit that there is probable cause to believe that, on or about November 10, 2018, Howard Anthony JOHN, having been previously convicted of a crime punishable by terms of imprisonment exceeding one year, did possess, in and affecting commerce, a firearm and ammunition in violation of Title 18, United States Code, Section 922(g)(1).

Brian Oppedisano
Special Agent, ATF

Sworn and subscribed to before me this 31st day of January, 2019.

HON. MARRIANNE B. BOWLER
U.S. MAGISTRATE JUDGE
DISTRICT OF MASSACHUSETTS